UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATON, | CIV. NO. 13-3196 (SRN/JSM) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| ALLISON G. KRAWZA and WALTER G. KRAWZA, et al. | |
| Defendants. | |

This matter is before the Court on defendants' Motion to Set Aside Default [Docket No. 9]; Plaintiff's Motion to Extend Response Deadline to Counterclaim [Docket No. 13] and plaintiff's Motion to Dismiss Defendants' Counterclaims [Docket No. 19]. Mark G. Schroeder, Esq. appeared on behalf of the plaintiff. Susanne Marie Glasser, Esq. appeared on behalf of the named defendants. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to U.S.C. § 636(b)(1)(A), (B), Local Rule 72.1(c), and the Amended Administrative Order issued by Chief Judge Michael J. Davis on October 11, 2013 [Docket No. 3].

I.   **FACTUAL BACKGROUND**

This is an eviction action. The property that is the subject of this suit is located in in Eagan, Minnesota ("Property"). Notice of Removal (attached Evictions Summons and Complaint) [Docket No. 1-1]. Defendants Allison G. Krawza and Walter G. Krawza (collectively referred to as "Krawzas") are the former owners of the Property. The Property was sold at a foreclosure sale conducted on April 18, 2013. Id., Ex. A (Sheriff's Certificate of Sale and Foreclosure Record). On June 3, 2013, plaintiff

Federal National Mortgage Association ("Fannie Mae") was assigned the Sheriff's Certificate.  Id., Ex. B (Assignment of Sheriff's Certificate of Sale).  On November 12, 2013, Fannie Mae commenced the instant action, and on November 21, 2013, the Krawzas removed it from Minnesota state court on the basis that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1345, asserting that Fannie Mae is deemed a federal agency pursuant to 28 U.S.C. § 1345.  Notice of Removal, p. 2.

On December 9, 2012, Fannie Mae applied for entry of default against the Krawzas pursuant to Fed. R. Civ. P. 55(a), and December 10, 2012, the Clerk's Office entered an entry of default.  See Docket Nos. 6, 7.

On December 12, 2013 the Krawzas answered the Complaint and asserted Counterclaims that included a quiet title claim under Minn. Stat. § 559.01, a request for Declaratory Judgment pursuant to Minn. Stat. § 555.01, et seq. and a slander of title claim.  See Docket No 8.  The Krawzas sought monetary damages; a determination of the adverse interests in the Property; and a declaration that the mortgage is void and unenforceable, the Sheriff's Certificate of Sale is void, all recorded assignments of mortgage are void, all powers of attorney and notices of pendency are void, the Assignment of Sheriff's Certificate is void, and that the Krawzas remain the owner of the Property in fee title.  Id.  On the same date, the Krawzas also brought a motion to set aside the default in this matter.  See Docket No. 9.

On January 2, 2014, Fannie Mae filed a Motion to Extend Response Deadline to Counterclaim.  See Docket No. 13.

On February 24, 2014, Fannie Mae filed a Motion to Dismiss Defendants' Counterclaims.  See Docket No. 19.

**II.     ANALYSIS**

This current action initiated by Fannie Mae in Minnesota state court is similar to numerous other eviction actions that have been removed from state court to federal district court by the Krawzas's former counsel, William Butler,[1] in recent months. It is this Court's determination that sua sponte remand is appropriate[2] without considering the parties' pending motions.

Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). Therefore, the court may raise sua sponte issues of subject matter jurisdiction and abstention from exercising jurisdiction, even if the parties concede the issues. Id. at 523; MCC Mortg. LP v. Office Depot, Inc., 685 F. Supp. 2d 939, 942 (D. Minn. 2010) (noting that the court raised the issue of abstention sua sponte). The district court must strictly construe the removal statute against removal jurisdiction and resolve all doubts as to the propriety of federal jurisdiction in favor of state court jurisdiction. 28 U.S.C. § 1447(c); Masepohl v. American Tobacco Co., Inc., 974 F. Supp. 1245, 1249 (D. Minn. 1997) (internal citation omitted).

---

[1] Butler was suspended from practice before the United States Court of Appeals for the Eighth Circuit on December 26, 2013. In re Butler, No. 13-9013 (8th Cir. Dec. 26, 2013). As a result, Butler was automatically suspended from practice before the District Court, effective December 26, 2013. See D. Minn. L.R. 83.6(b)(1); In re Butler, Misc. No. 13–49(MJD), ECF No. 10 (D. Minn. Jan. 14, 2014). On January 23, 2014, attorney Susanne Marie Glasser entered an appearance on behalf of the Krawzas. See Docket No. 16.

[2] During the February 10, 2014 hearing in this case, the Court afforded Fannie Mae the opportunity to file a brief arguing why this case should not remanded to state court, or alternatively, notify the Court by February 24, 2014, that it is not opposing remand. On February 24, 2014, Fannie Mae's counsel notified the Court by telephone that it would not be submitting a brief arguing that this matter should not be remanded to state court.

Without deciding whether this action was properly removed under 28 U.S.C. § 1446 and 28 U.S.C. § 1345,[3] the Court is persuaded that abstention from exercising jurisdiction is appropriate. See Federal Nat. Mortg. Ass'n v. Von Grewe, Civil No. 13-2720 (SRN/JJK), 2014 WL 625927, at *3 (D. Minn. Feb. 18, 2014) (adopting Magistrate Judge's Report and Recommendation); Federal Home Loan Mortg. Ass'n v. Ville, Civ. No. 13-2136 (MDJ/JKK), 2014 WL 300948, at *1 (D. Minn. Jan. 28, 2014) (adopting Magistrate Judge's Report and Recommendation); Federal Nat'l Mortg. Ass'n v. Guevara, Civ. No. 13-3603 (JNE/JKK), 2014 WL 300985, at *1 (D. Minn. Jan. 27, 2014) (adopting Magistrate Judge's Report and Recommendation); Federal Nat'l Mortg. Ass'n v. Bullock, Civ. No. 13-1202 (JNE/JJK), 2014 WL 223445, at *1 (D. Minn. Jan. 21, 2014) (adopting Magistrate Judge's Report and Recommendation); Federal Nat'l Mortg. Ass'n v. Guse, Civ. No. 13-801 (PJS/JSM), 2014 WL 127033, at *2 (D. Minn. Jan. 14, 2014)

---

[3] There is some doubt as to whether the Krawzas appropriately rely on 28 U.S.C. § 1345 as applicable to Fannie Mae, a federally-chartered corporation. See Federal Nat'l Mortg. Ass'n v. Torborg, Civ. No. 13-1522 (DWF/AJB), 2013 WL 5567454, at *1, n.1 (D. Minn. Sept. 4, 2013) (Order adopted by District Court, 2013 WL 5567450, at *1 (D. Minn. Oct. 9, 2013). As the court noted in Torborg, in several similar eviction actions brought by Federal Home Loan Mortgage Corporation ("Freddie Mac") and removed to district court by the defendants, the defendants cited both 28 U.S.C. § 1345 and Freddie Mac's charter, 12 U.S.C. § 1452(f), which provides that Freddie Mac shall be deemed an agency included in 29 U.S.C. § 1345 as the basis for removal. Id. But as in Torborg, the Krawzas did not cite Fannie Mae's charter, 12 U.S.C. § 1723a(a), in their removal papers, which many courts have concluded fails to confer original jurisdiction on the district courts. Id. (citing Carter v. Watkins, Civ. No. WDQ-12-2813, 2013 WL 2139505, at *3-4 (D. Md. May 14, 2013); Federal Nat'l Mortg. Ass'n v. Diaz, Civ. No. 11-1093, 2011 WL 4375015, at *2 (E. D. Cal. Sept. 19, 2011); Federal Nat'l Mortg. Ass'n v. Bradley, Civ. No. 11-2351, 2011 WL 3844577, at *2 (N. D. Ga. July 26, 2011); Federal Nat'l Mortg. Ass'n v. Hammond, Civ. No. 11-867, 2011 WL 2516498, at *3-4 (C.D. Cal. June 22, 2011); Federal Nat'l Mortg. Ass'n v. Sandoval, Civ. No. 11-0139, 2011 WL 976708, at *2 (E.D. Cal. Mar. 16, 2011); Rincon Del Sol, LLC v. Lloyd's of London, 709 F. Supp.2d 517, 522-25 (S.D. Tex. 2010); Knuckles v. RBMG, Inc., 481 F. Supp. 2d. 559, 562–65 (S.D. W.Va. 2007). But, see, e.g., Pirelli v. Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779 (D.C. Cir. 2008); Allen v. Wilford & Geske, Civ. No. 10-4747, 2010 WL 4983487, at *2 (D. Minn. Dec. 2, 2010)).

(adopting Magistrate Judge's Report and Recommendation); <u>Federal Home Loan Mortg. Corp. v. Grantz</u>, Civ. No. 13-1490 (PJS/AJB), 2013 WL 5202393, at *1 (D. Minn. Sept. 12, 2013) (Order adopted by District Court Sept. 16, 2013 (2013 WL 5203395 at *1 (D. Minn. Sept. 16, 2013)); <u>Torborg</u>, 2013 WL 5567454, at *1-2; <u>Federal Home Loan Mortg. Corp. v. Angelberto Contreras</u>, Civ. No. 13-897 (ADM/AJB), (D. Minn. Aug. 29, 2013) (Order [Docket No. 25] adopted by District Court Oct. 1, 2013 [Docket No. 29]); <u>Federal Home Loan Mortg. Corp. v. Briggs</u>, Civ. No. 13-1243 (MJD/AJB), (D. Minn. Aug. 29, 2013) (Magistrate Judge's Order [Docket No. 18]); <u>Federal Home Loan Mortg. Corp. v. Smith</u>, No. 13-908 (JNE/AJB), (D. Minn. July 2, 2013) (Order [Docket No. 39] adopted by District Court Aug. 12, 2013 [Docket No. 43]); <u>Federal Home Loan Mortg. Corp. v. Stone</u>, Civ. No.13-970 (JNE/AJB), (D. Minn. July 2, 2013) (Order [Docket No. 36] adopted by District Court Aug. 12, 2013 [Docket No. 41]).

Federal courts may decline to exercise jurisdiction in "exceptional circumstances." <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716 (1996) (quotation omitted). Abstention involves weighing principles of federalism and comity against the federal interest in retaining jurisdiction. <u>Id.</u> at 716, 728-29, 733-34. Federal courts exercise discretion to "restrain their authority because of scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315, 317-34 (1943) (citations omitted).

In <u>MCC Mortg.</u>, the district court determined that it could abstain from hearing an eviction action removed from Minnesota state court, citing <u>Burford</u>, 319 U.S. at 317-34. 685 F. Supp. 2d at 947. Under <u>Burford</u>, abstention is appropriate where the action

involves "difficult questions of state law bearing on policy problems of substantial public import," or where the exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." Quackenbush, 517 U.S. at 726-27 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)). The court in MCC Mortg. noted that "even where jurisdiction otherwise exists, courts often abstain from hearing eviction matters to avoid 'completely emasculat[ing] the state structure for dealing with such disputes.'"[4] 685 F. Supp. 2d at 946-47 (quoting MRM Mgmt. Co. v. Ali, Civ. No. 97-1029, 1997 WL 285043, at *1 (E.D.N.Y. May 27, 1997)); see also, e.g., Homesales Inc., of Delaware v. Greene, Civ. No.10-3024-CL, 2010 WL 1630469, at *2-3 (D. Or. March 25, 2010) (because unlawful detainer actions involve a state regulatory statute and important state policy issues, the federal court should abstain and remand the matter to state court) (Report and Recommendation *adopted by District Court on other grounds*, 2010 WL 1630468, at *1 (D. Or. April 19, 2010);[5] CPG Fin. I, L.L.C. v. Shopro, Inc., Civ. No. 06-3015-RED, 2006 WL 744275, at *4 (W.D. Mo. March 22, 2006) (noting that policy objectives underlying abstention support remand of removed dispossessory action) (quoting Quackenbush, 517 U.S. at 716) ("[A]bstention is warranted by considerations

---

[4] Although the court in MCC Mortg. declined to abstain from jurisdiction, that case is factually distinguishable from this action, which involves a post-foreclosure eviction of a former mortgagor. Further, this Court is aware that this action is one of numerous post-foreclosure eviction actions that have been removed to this Court in the last several months on the same removal grounds defendants invoke here, which further distinguishes the present action and the Court's ability to efficiently handle such summary eviction proceedings.

[5] In Homesales Inc., the district court found that it lacked subject matter jurisdiction over the unlawful detainer action, and therefore did not reach the issue of abstention in adopting the Magistrate Judge's recommendation of remand. 2010 WL 1630468, at *1.

of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration.")); Glen 6 Assocs. v. Dedaj, 770 F. Supp. 225, 228-29 (S.D.N.Y. 1991) (finding that principles of comity and federalism dictate abstaining from eviction matter and noting that accepting removal of eviction proceedings to federal court would overburden the federal system).

      Although "abstention 'is the exception, not the rule,'" MCC Mortg., 685 F. Supp. 2d at 947 (quoting Colorado River Water Conservation Dist., 424 U.S. at 813), this Court concludes that abstention is appropriate here. This post-foreclosure eviction action is a summary proceeding created by Minnesota state law (Minn. Stat. § 504B), the enforcement of which is delegated to Minnesota law enforcement personnel. See generally, Minn. Stat. §§ 504B.001, subd. 4, 504B.365; see also Homesales Inc., 2010 WL 1630469, at *2-3 (noting that unlawful detainer "is a special statutory proceeding" regulated by state law, which provides such action be brought in state circuit courts). Eviction actions are fundamentally a matter of state law. See MCC Mortg., 685 F. Supp. 2d at 946. There is no federal interest in retaining the proceedings or federal right at stake, and there is no apparent prejudice in the action proceeding in state court. See, e.g., Glen 6 Assocs., 770 F. Supp. at 228. Minnesota state district courts and the Hennepin and Ramsey County Housing Courts are uniquely qualified to handle efficiently the large volume of post-foreclosure eviction cases to which Fannie Mae is a party. As the court in Federal Home Loan Mortg. Corp. v. Matassino noted: "The court is very aware that dispossessory actions are now, and have always been, primarily state court matters. State courts are highly familiar with dispossessory procedure, and federal courts are ill-equipped to adjudicate these actions." Civ. No. 1:11-3895-CAP,

2012 WL 6622607, at *8 (N.D. Ga. Dec. 3, 2012). In this case, it appears that defendants have removed the action to federal court seeking solely to delay the eviction proceeding in Hennepin County. Considering principles of comity, federalism, and judicial economy, the Court recommends that the matter be remanded to state court.

Because the Court has recommended that the District Court abstain from exercising jurisdiction over this action, it declines to consider the merits of defendants' Motion to Set Aside Default [Docket No. 9], plaintiff's Motion to Extend Response Deadline to Counterclaim [Docket No. 13] and plaintiff's Motion to Dismiss Defendant's Counterclaims [Docket No. 19]. See Federal Nat. Mortg. Ass'n v. Gear-Fleury, Civil No. 13-2389 (ADM/JJK), 2014 WL 468202, at *2 (D. Minn. Feb. 06, 2014) (rejecting Fannie Mae's request that the court sever the defendants' counterclaims and allow them to proceed in federal court while the eviction proceeds in state court).

### III.   RECOMMENDATION

For the reasons set forth above, it is recommended that this action be remanded to Minnesota state district court.

Dated: March 3, 2014                             *s/ Janie S. Mayeron*
                                                  JANIE S. MAYERON
                                                  United States Magistrate Judge

### **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 17, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.